IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY G. MCWHITE,<br><br>                    Petitioner,<br><br>     v.<br><br>GERALDINE COHEN,<br><br>                    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-6702 (JBS)<br><br>**OPINION** |

APPEARANCES:

Larry G. McWhite, Petitioner pro se
#230031
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge:**

I.  **INTRODUCTION**

Petitioner Larry G. McWhite filed a Petition for a Writ of Habeas Corpus challenging his confinement in the Atlantic County Justice Facility ("ACJF"). (Docket Entry 1). For the reasons expressed below, this Court will dismiss the Petition, and no certificate of appealability shall issue.

II. **BACKGROUND**

Petitioner, a pretrial detainee at the ACJF, filed a petition for writ of habeas corpus and application to proceed *in forma pauperis* on September 8, 2015. (Docket Entry 1). Based on

Petitioner's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*. (Docket Entry 1-1).

Petitioner states he has been in custody on charges of simple assault, criminal restraint, burglary, and first-degree kidnapping since October 20, 2014, without being formally arraigned or indicted. (Docket Entry 1 at 2, 10). In November 2014, his bail was set at $250,000 cash only. (Docket Entry 1 at 7, 12). Petitioner filed a motion for a probable cause hearing in the Atlantic City Municipal Court on November 6, 2014. (Docket Entry 1 at 11). He states no hearing has been held on his motion. (Docket Entry 1 at 7). On approximately February 2, 2015, Petitioner filed a motion for the reduction of bail in the Superior Court of New Jersey, Atlantic County. (Docket Entry 1 at 12).

Petitioner alleges that his speedy trial rights have been violated as the State has not formally arraigned or indicated him. (Docket Entry 1 at 6-7). He further states that the prosecutor "does not show up to court." (Docket Entry 1 at 7). Additionally, he claims he is being denied access to the evidence and witnesses against him. (Docket Entry 1 at 7). He also alleges he is being held in violation of the Eighth Amendment's proscription against unreasonable bail. (Docket Entry 1 at 7).

Petitioner asks this Court to either order the State of New Jersey to immediately arraign or indict him, or to dismiss the charges against him. (Docket Entry 1 at 8). He also requests a bail hearing. (Docket Entry 1 at 8).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

### IV. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is

entered against an individual in state court. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.3d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443. Petitioner has neither exhausted his state court remedies, nor made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims.

4

In order to be deemed exhausted "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). Petitioner has filed motions before the state courts based on the arguments set forth in his petition. (*See* Docket Entry 1 at 11). Petitioner states the trial court has not ruled on his motion for a probable cause hearing, (Docket Entry 1 at 7); however, there is no indication that Petitioner has pursued any remedy before the New Jersey Appellate Division and Supreme Court. As Petitioner has not exhausted his state court remedies, it would be premature for this Court to intervene at this time.

Furthermore, Petitioner has not demonstrated any extraordinary circumstances warranting federal intervention in his state criminal proceedings. Petitioner's claims are essentially speedy trial and excessive bail complaints. The Third Circuit has previously held "there was nothing in the nature of the speedy trial right to qualify it as a per se extraordinary circumstance that warranted dispensing with the exhaustion requirement." *Duran*, 393 F. App'x at 5 (citing *Moore*, 515 F.2d at 446). Petitioner's speedy trial claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review." *Moore*, 515 F.2d at 445. "Once

5

he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.* at 449. The same is true for Petitioner's claim of being held on excessive and unreasonable bail. *See Duran*, 393 F. App'x at 4 (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail). This attempt to litigate constitutional defenses prematurely in federal court is improper.

This Court must also consider the abstention doctrine as announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). The Third Circuit has set forth three factors that must be satisfied in order for the *Younger* abstention to apply: "(1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate

6

opportunity to raise federal claims." *Hill v. Barnacle*, 523 F. App'x 856, 857–58 (3d Cir. 2013) (per curiam) "If all three prongs of the *Younger* analysis are met, federal courts should abstain unless there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* at 858 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Although Petitioner indicates he has not yet been arraigned or indicted on the criminal charges, his petition provides a complaint number, W-2014-005169, indicating that adversarial proceedings have begun. (Docket entry 1 at 1). He also includes a motion that he filed with the Atlantic City Municipal Court and copied to the Atlantic County Prosecutor's Office, (Docket Entry 1 at 11). His criminal matter is therefore clearly "ongoing and judicial in nature." State criminal proceedings certainly implicate important state interests, and, finally, Petitioner has the opportunity to raise his constitutional claims in pre-trial motions, and in a direct appeal and/or a post-conviction relief petition should the need arise. Petitioner therefore has ample opportunity to present his federal constitutional claims to the state courts. Accordingly, the Court must abstain from interfering with the ongoing state proceedings under *Younger*.

As Petitioner's claims are not properly brought before this Court at this time, the petition shall be dismissed without prejudice. Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), therefore this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**V.    CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.

 **October 13, 2015**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge